IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TONY R. GROSS,

    Petitioner,

v.

WANZA JACKSON,

    Respondent.

CASE NO. 2:06-CV-00072
JUDGE SARGUS
MAGISTRATE JUDGE KING

## OPINION AND ORDER

On May 6, 2008, the United States Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus be dismissed. On July 22, 2008, and August 4, 2008, petitioner filed objections to the Magistrate Judge's *Report and Recommendation*. Petitioner has also filed a motion for judicial notice, Doc. No. 51. For the reasons that follow, petitioner's request for judicial notice, Doc. No. 51, is **DENIED**. His objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

In his request for judicial notice, petitioner states that prison officials wrongfully withheld his legal property, apparently resulting in his untimely notification of this Court's orders granting his requests for extensions of time to file objections to the Magistrate Judge's *Report and Recommendation. See* Doc. Nos. 47, 49. Petitioner appears to request the Court to take judicial notice of such alleged wrongful action by prison officials in these habeas corpus proceedings. However, petitioner's allegation is without support. Further, nothing in the record reflects that petitioner was unable to file his objections to the *Report*

*and Recommendation.* Therefore, any alleged wrongful action by prison officials in withholding the Court orders referred to by petitioner was not material to these proceedings. Petitioner's motion for judicial notice, Doc. No. 51, is **DENIED**.

Petitioner also objects to all of the Magistrate Judge's recommendations. He again raises all of the same arguments previously presented by him.

Petitioner complains that the Magistrate Judge improperly denied his request to file an intermediate petition or a stay of proceedings. Doc. Nos. 3, 8. *Objections,* at 2-4. However, petitioner's request for a stay became moot upon his exhaustion of post conviction proceedings in the state courts, *see* Doc. No. 40, and the Magistrate Judge thereafter granted petitioner's May 18, 2006, request to file an amended petition clarifying his federal habeas corpus claims, *see* Doc. Nos. 20, 22, as well as his May 8, 2007, request to amend his federal habeas corpus petition to include previously unexhausted claims, *see Report and Recommendation,* at 25, although those claims appeared to be time-barred. Therefore, petitioner's objection in this regard is not well taken.

Petitioner also objects to the Magistrate Judge's denial of his request for the appointment of counsel in these proceedings and the denial of his request for an evidentiary hearing. According to petitioner, he was entitled to counsel because he is a *pro se* litigant, incarcerated, with limited access to the prison law library and legal resources, and suffering from an unspecified medical condition and because this case is complex. However, the Constitution does not require the assistance of counsel in habeas corpus proceedings. *Douglas v. Maxwell,* 357 F.2d 320, 321 (6th Cir. 1966). Unless an evidentiary

hearing is required, a District Court may in its discretion appoint counsel where the "interests of justice so require." See 18 U.S.C. 3006A(a)(2); Rule 8 of the Rules Governing Section 2254 Cases. Here, the record does not reflect that an evidentiary hearing is necessary for resolution of petitioner's claims. Further, the record indicates that petitioner adequately presented his claims to this Court. In fact, he has filed numerous and sometimes duplicative pleadings and lengthy argument in support of this habeas corpus petition. Nothing in the record suggests that petitioner suffers from any medical condition that prevented him from access to the Court. Neither petitioner's *pro se* incarcerated status nor the complexity of this case is so unusual as to require the appointment of counsel in these proceedings. In short, review of the record does not establish that the interests of justice require the appointment of counsel on petitioner's behalf or an evidentiary hearing to resolve petitioner's claims. Petitioner's objection is overruled.

Petitioner objects to the Magistrate Judge's recommendation that state post conviction claims be dismissed as procedurally defaulted. As cause for his procedural default of his second post conviction petition, petitioner asserts, as he did before the state appellate court, that prison officials failed to mail his post conviction petition in a timely manner. *Objections*, at 15-18; *Exhibit 82 to Return of Writ*.

"[P]etitioner has the burden of showing cause and prejudice to overcome a procedural default." *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001), citing *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999)(internal citation omitted).

" '[C]ause' under the cause and prejudice test must be

> something external to the petitioner, something that cannot fairly be attributed to him[;] ... some objective factor external to the defense [that] impeded ... efforts to comply with the State's procedural rule." *Coleman v. Thompson*, 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).

*Maples v. Stegall*, 340 F.3d 433, 438 (6th Cir. 2003); *see also Lundgren v. Mitchell*, 440 F.3d 754, 763-64 (6th Cir. 2006), citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Petitioner's *pro se* status, or "ignorance of the law and procedural requirements for filing a notice of appeal is insufficient to establish cause to excuse his procedural default." *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004), citing *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995). To establish cause, petitioner "must present a substantial reason that is external to himself and cannot be fairly attributed to him." *Hartman v. Bagley*, 492 F.3d 347, 358 (6th Cir. 2007), citing *Jamison v. Collins*, 291 F.3d 380, 386 (6th Cir. 2002) (holding that the prosecution's withholding of *Brady* evidence qualified as a "substantial reason for the default that is external to [the petitioner]"). *See, e.g., Maples v. Stegall, supra*, 340 F.3d at 438-39 (failure by prison officials to promptly deliver legal mail may constitute cause for procedural default); *but see Martin v. Vannatta*, unpublished, 175 Fed.Appx. 45 (7th Cir. Mar. 23, 2006)(rejecting petitioner's assertion that inadequate funds for postage constituted cause for his untimely filing where he could have obtained free postage.)

The state appellate court found that petitioner's post conviction petition was due no later than August 10, 2005. *State v. Gross*, 2006 WL 3804532 (Ohio App. 5th Dist. December 12, 2006). Petitioner argued that he filed the petition on August 22, 2005, although the trial court found that the petition was not filed until November 10, 2005. *See Exhibit 83 to Return*

4

*of Writ; State v. Gross, supra.* Petitioner now asserts that he submitted his post conviction petition to prison officials for mailing on "07.05.06" (sic).[1] *Objections*, at 3. However, he argued before the state appellate court that he submitted the post conviction petition to prison officials for mailing on or about August 6, 2005 (and that they waited nine days – until August 15, 2005 – before mailing his petition). *See Exhibit 82 to Return of Writ.* In any event, petitioner does not refer to, and this Court is unable to locate in the record, any support for his allegation that prison officials failed to timely mail his post conviction resulting in its dismissal as untimely. Petitioner's objection in this regard is not well taken.

Petitioner objects to the Magistrate Judge's recommendation that the claims presented in his motion for a new trial, *i.e.*, his claim regarding a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and allegation that Max and Courtney Ford lied at trial, be dismissed as without merit. Petitioner contends that, contrary to the conclusion of the Magistrate Judge, he was prejudiced by such testimony in view of other exculpatory evidence and because Courtney Ford identified him as the man whom she saw on the night in question. *Objections*, at 12-14. Petitioner's argument is not persuasive. Courtney Ford was able to narrow her identification of petitioner to five photographs more than six months after the incident in question, *Transcript*, at 2955; however, on July 13, 1994, the day after she observed the murder of Officer Lutz, she could not identify petitioner from among photographs shown to her by police. *Id.* Further, despite petitioner's reference to what he deems to be exculpatory evidence, *see Objections*, at 13, and in view of substantial

---

[1] The Court assumes that petitioner meant July 5, 2005.

5

evidence of guilt, the record fails to reflect any *Brady* violation. *See United States v. Bagley*, 473 U.S. 667, 682 (1985).

Petitioner objects to the Magistrate Judge's recommendation that claims seven, eight and nine, in which he asserts the ineffective assistance of appellate counsel, be dismissed on the merits. Petitioner again argues that this Court should consider the merits of these claims because his appellate attorney misadvised regarding the filing of his application to reopen the appeal pursuant to Ohio Appellate Rule 26(B), and because petitioner properly appealed his second Rule 26(B) application to the Ohio Supreme Court. Upon review of the record, petitioner's objections are not well taken. The state appellate court dismissed petitioner's Rule 26(B) applications as untimely or improperly filed. Moreover, with the exception of petitioner's third Rule 26(B) application, the record does not reflect that he properly appealed those decisions to the Ohio Supreme Court. Additionally, as discussed by the Magistrate Judge, petitioner's claim of ineffective assistance of appellate counsel is itself procedurally defaulted and cannot, therefore, constitute cause for his procedural defaults. *See Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000).

Petitioner also objects to the Magistrate Judge's recommended dismissal of habeas corpus claims one and four, in which he asserts that he was denied a fair trial due to a one man show up and unconstitutional photo identification. Petitioner again argues at length regarding the merits of these claims. For the reasons detailed in the Magistrate Judge's *Report and Recommendation*, this Court likewise concludes that these claims lack merit.

Pursuant to 28 U.S.C. §626(b)(1) this Court has conducted a *de novo* review of the

*Report and Recommendation.* The Court has carefully reviewed the entire record and considered all of the arguments presented. For the foregoing reasons and for reasons already detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. Petitioner's request for judicial notice, Doc. No. 51, is **DENIED**. This action is hereby **DISMISSED**.

**The Clerk shall ENTER FINAL JUDGMENT.**

10-21-2008
Date

EDMUND A. SARGUS, JR.
United States District Judge