IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TONY R. GROSS,

    Petitioner,

  v.

WANZA JACKSON,

    Respondent.

CASE NO. 2:06-CV-00072
JUDGE SARGUS
MAGISTRATE JUDGE KING

## OPINION AND ORDER

On October 22, 2008, final judgment was entered dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on petitioner's October 30, 2008, motion to alter or amend that judgment pursuant to Federal Rule of Civil Procedure 59(e) and 52(b). For the reasons that follow, petitioner's motion, Doc. No. 55, is **DENIED**.

Rule 59 of the Federal Rules of Civil Procedure provides:

> (a) Grounds. A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

> (b) Time for Motion. Any motion for a new trial shall be filed no later than 10 days after entry of the judgment.
>
> (c) Time for Serving Affidavits. When a motion for new trial is based on affidavits, they shall be filed with the motion. The opposing party has 10 days after service to file opposing affidavits, but that period may be extended for up to 20 days, either by the court for good cause or by the parties' written stipulation. The court may permit reply affidavits.
>
> (d) On Court's Initiative; Notice; Specifying Grounds. No later than 10 days after entry of judgment the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. When granting a new trial on its own initiative or for a reason not stated in a motion, the court shall specify the grounds in its order.
>
> (e) Motion to Alter or Amend Judgment. Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

Federal Rule of Civil Procedure 52(b) provides:

> Plain Error. A plain error that affects substantial rights may be considered even though it was not brought to the court's attention.

In his motion, petitioner again argues that the Court improperly dismissed his claims on the merits. He again specifically contends that the factual findings of the Ohio Supreme Court are incorrect and again asserts, as cause for his failure to file a timely post conviction petition, that prison officials failed to timely mail his post conviction petition for filing.

As a threshold matter, the Court must determine whether petitioner's motion is properly construed as a successive petition under the Antiterrorism and Effective Death

Penalty Act (AEDPA),[1] or whether the Court has jurisdiction to consider petitioner's motion under Federal Rule of Civil Procedure 59. *See Post v. Bradshaw*, 422 F.3d 419 (6th Cir. 2005). In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court held that a Rule 60(b) motion presenting arguments like those presented in this motion must be construed as a successive petition:

> In some instances, a Rule 60(b) motion will contain one or more "claims." For example, it might straightforwardly assert that owing to "excusable neglect," Fed. Rule Civ. Proc. 60(b)(1), the movant's habeas petition had omitted a claim of constitutional error, and seek leave to present that claim. *Cf. Harris v. United States*, 367 F.3d 74, 80-81 (C.A.2 2004) (petitioner's Rule 60(b) motion sought relief from judgment because habeas counsel had failed to raise a Sixth Amendment claim). Similarly, a motion might seek leave to present "newly discovered evidence," Fed. Rule Civ. Proc. 60(b)(2), in support of a claim previously denied. *E.g., Rodwell v. Pepe*, 324 F.3d 66, 69 (C.A.1 2003). Or a motion might contend that a subsequent change in substantive law is a "reason justifying relief," Fed. Rule Civ. Proc. 60(b)(6), from the previous denial of a claim. *E.g., Dunlap v. Litscher*, 301 F.3d 873, 876 (C.A.7 2002). Virtually every Court of Appeals to consider the question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly. *E.g., Rodwell, supra,* at 71-72; *Dunlap, supra,* at 876.
>
> We think those holdings are correct....
>
> Using Rule 60(b) to present new claims for relief ... - even

---

[1] 28 U.S.C. § 2244(b)(3)(A) provides:

Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

3

claims couched in the language of a true Rule 60(b) motion - circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts. § 2244(b)(2). The same is true of a Rule 60(b)(2) motion presenting new evidence in support of a claim already litigated: even assuming that reliance on a new factual predicate causes that motion to escape § 2244(b)(1)'s prohibition of claims "presented in a prior application," § 2244(b)(2)(B) requires a more convincing factual showing than does Rule 60(b). Likewise, a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." In addition to the substantive conflict with AEDPA standards, in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar. § 2244(b)(3).

In most cases, determining whether a Rule 60(b) motion advances one or more "claims" will be relatively simple. A motion that seeks to add a new ground for relief ... will of course qualify. A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim on the merits, [FN4] since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief. That is not the case, however, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings. [FN5]

FN4. The term "on the merits" has multiple usages. *See, e.g .*, *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 501-503, 121 S.Ct. 1021, 149 L.Ed.2d 32 (2001). We refer here to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d). When a movant asserts one of those grounds (or

4

> asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim. He is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error - for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.
>
> FN5. Fraud on the federal habeas court is one example of such a defect. *See generally Rodriguez v. Mitchell*, 252 F.3d 191, 199 (C.A.2 2001) (a witness's allegedly fraudulent basis for refusing to appear at a federal habeas hearing "relate[d] to the integrity of the federal habeas proceeding, not to the integrity of the state criminal trial"). We note that an attack based on the movant's own conduct, or his habeas counsel's omissions, *see, e.g., supra*, at 2647, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably.
>
> When no "claim" is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application. If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's ... conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules.

*Id.*, at 530-33 (citation omitted). Other courts to consider the issue have concluded that the rationale of *Gonzalez v. Crosby, supra,* applies to motions filed under Federal Rule of Civil Procedure 59. *See United States v. Lambros,* 404 F. 3d 1034, 1036-37 (8th Cir. 2005); *Aird v. United States,* 339 F. Supp. 2d 1305, 1309-10 (S.D.Alabama, 2004) (footnotes omitted); *Howard v. United States,* 2007 WL 708618 (S.D. Ohio March 2, 2007) (applying *Gonzalez* to Rule 59); *McAffee v. United States,* 2006 WL 563122 (M.D.Fla March 8, 2006)(same); *Milovanic v. United States,* 2006 WL 334209 (M.D.Fla. February 13, 2006)(same). This Court reaches that same conclusion here.

Therefore, to the extent that petitioner again makes arguments regarding the merits of his claims, his motion is not properly considered by this Court, but is construed as a successive petition for which petitioner must first obtain authorization for filing from the United States Court of Appeals for the Sixth Circuit. *Gonzalez*, at 2648; 28 U.S.C. § 2244(b)(3)(A); *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997)(*per curiam*).

Further, even assuming that this Court has jurisdiction to consider petitioner's motion as it pertains to his request for reconsideration of the dismissal of his claims on the merits, petitioner has provided no new arguments not already considered, and rejected, by this Court and no basis warranting relief under Rule 59.

As to petitioner's contention that the Court improperly dismissed post conviction claims as procedurally defaulted, such argument likewise fails. Petitioner again asserts, as cause for the untimely filing of his state post conviction action, that he submitted his post conviction petition to prison officials for mailing on July 5, 2005, but that they failed to mail it before August 15, 2005. In support of this allegation, petitioner refers to a cash slip for post conviction copying expenses dated June 8, 2005, and a cash slip receipt for the sum of $8.60, apparently indicating that prison officials mailed his post conviction petition on August 15, 2005. *Motion*, at 5-6. However, petitioner has not attached these documents to his motion, nor does he indicate where in the record such documents may be located. In any event, as this Court previously noted in rejecting petitioner's argument in this regard, his allegation that he submitted his post conviction petition to prison officials for mailing in a timely manner remains without any record support.

For all the foregoing reasons, petitioner's motion to alter or amend the judgment entered in this action, Doc. No. 55, is **DENIED**.

**IT IS SO ORDERED**.

11-10-2008
Date

EDMUND A. SARGUS, JR.
United States District Judge